■ JOSEPH NISSENBAUM et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 40269.) — MEMORANDUM BY THE COURT. Appeal by the State from a decision of the Court of Claims. From an improved tract of 13 acres, used, and best suited for use as a Summer bungalow colony and residence, the State appropriated 0.384 acre and brought a new highway in close proximity to certain of the buildings; the resulting loss of privacy and seclusion and highway noises and lights, with other and lesser elements of damage, causing, as is conceded, depreciation in value and demonstrated diminution of business income of a previously successful enterprise. There was no market — or at least no active market — for property of this nature; and neither party adduced proof of comparable sales. There was some proof of land values and detailed evidence of value predicated both on reproduction costs, less depreciation, and on capitalization of business income. Although the decision is, unfortunately, lacking in details and specifics, it is apparent that the trial court's evaluations gave undue weight to cost and insufficient consideration to business income earned before and after the taking and that, as a result, the award is excessive. Giving effect to all the factors proven, we find that the value of the property was $80,000 before the taking and $62,500 thereafter, so that claimants' damage was $17,500, of which $1,500 was direct damage and $16,000 was consequential damage. Judgment modified, on the law and the facts, so as to reduce the award to $17,500, with appropriate

interest, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.